JOURNAL ENTRY AND OPINION
This is an appeal of the granting of defendant's Civ.R. 12(C) motion for judgment on the pleadings.
Appellants Krassen and Knoth are former partners in the firm of Climaco, Climaco, Lefkowitz Garofoli (the firm). Both appellants voluntarily left the firm on June 30, 1997, after they gave notice on June 28th and 29th respectively. They took several of the firm's clients with them to their new firm.
Suing the firm, appellants allege breach of their employment agreement with the firm; breach of the firm's severance policy; conversion of their stock interests in the firm; and unjust enrichment for failure to pay them their pro rata share of the firm's profits for 1997. In addition, they demand an accounting and valuation, both past and future, to determine [their] interest[s] in the firm. Plaintiffs' Complaint paragraph 30. A second defendant, CCSLG Development Co. Ltd. II, was dismissed without prejudice after the court granted the firm's motion for judgment on the pleadings.
Appellants claim that, according to an oral employment contract with the firm, they are entitled to one-half their previous year's salary. They also claim that they are entitled to their share of the profits earned by the firm in the six months they were employed in 1997.
Appellants state that, as equity shareholders, they agreed to defer receipt of their share of the profits earned by the firm so that those funds could be allocated as investment for the firm, in new areas of law, which included contingency fee cases. Although they have left the firm and are practicing with another firm, appellants claim a right to a percentage of any future contingency fees the firm earns, based upon their investment in these areas via their deferred payment of firm revenues.
Appellants made numerous discovery requests for financial records and information from the firm [t]o determine the value of Plaintiffs' claims.[1] Appellants' Motion to Compel was denied by the trial court.
This case was originally filed in Franklin County and was transferred to Cuyahoga County upon the firm's motion to dismiss and/or transfer venue. The transfer of venue is a subject of one of appellants' assignments of error.
The firm filed a motion for judgment on the pleadings, which was granted by the trial court and journalized on June 14, 1999. The court's judgment entry stated:
 Motion for judgment on the Pleadings by Defendant Climaco, Climaco, Lefkowitz Garofoli Co., L.P.A. filed 6-3-99, is hereby granted. Pursuant to Ohio R. 12(C), and construing the pleadings in a light most favorable to Plaintiffs, plaintiffs have failed to state a claim upon which relief can be granted. Final.
Although the trial court indicated that the case was final, the cause of action against the second defendant remained. Plaintiff voluntarily dismissed the second defendant, however, and timely appealed.
Unfortunately, this court still lacks jurisdiction to decide this appeal. Despite being marked final, the trial court did not dispose of Counts VIII and IX. In its motion to dismiss, the firm requested judgment on the pleadings on all claims asserted against it, as follows: [C]ount I (breach of contract); [C]ount II (promissory estoppel); [C]ounts III and VII (conversion); and [C]ounts V and VI (accounting). Motion to Dismiss at 12. (Count IV was dismissed without prejudice.) Count VIII is appellant Knoth's claim for conversion. Although this claim could be presumed to be disposed of along with Count VII, Krassen's claim for conversion, the trial court should clearly state that it is dismissing each count rather than so implying. However, not addressed in the firm's motion to dismiss is Count IX, unjust enrichment:
 44. Attorneys Krassen and Knoth were entitled to be paid by the Firm through the date of their resignations, i.e., June 30, 1997.
 45. The Firm failed to pay them through their last day, June 30, 1997, including any accrued vacation pay.
 46. As a direct result of the Firm's failure to pay Attorneys Krassen and Knoth, the Firm has been unjustly enriched in an amount to be proven at trial.
Civ.R. 54(B) states
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *.
The court's action granting the motion to dismiss did not dispose of this claim. Because there remains a claim for unjust enrichment, which was not dismissed, and the order granting the firm's motion to dismiss does not contain no just reason for delay language, the trial court's order was not final, and this case is not ripe for appeal. The case is dismissed.
It is ordered that appellee recover of appellants its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and LEO M. SPELLACY, J., CONCUR.
[1] Plaintiffs' Reply Memorandum in Support of Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents at 1.